IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| THOMAS L. ASKINS, ) | |
| ) | CIVIL ACTION NO. 0:06-410-SB-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| JO ANNE B. BARNHART ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein he was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

Plaintiff applied for Disability Insurance Benefits (DIB) on April 28, 2003, alleging disability as of April 25, 2002 due to knee replacements, diabetes mellitus, high blood pressure, right leg nerve damage, and gout. (R.pp. 61-62, 67, 72, 75-77, 88, 110). Plaintiff's claim was denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on September 13, 2005. (R.pp. 32-60). The ALJ thereafter denied Plaintiff's claim in a decision issued October 14, 2005. (R.pp. 15-24). The Appeals Council denied Plaintiff's request for a review of the decision, thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp. 6-9).

The Plaintiff then filed this action in United States District Court. Plaintiff asserts that



there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for an award of benefits. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that the Plaintiff was properly found not to be disabled.

## Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)). The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

## Discussion

A review of the record shows that Plaintiff, who was forty-six (46) years old when



he alleges his disability began, has a limited education with past relevant work experience as a maintenance mechanic. (R.pp. 36-43, 61-62, 75, 89, 93-94, 99-100). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that he has an impairment or combination of impairments which prevent him from engaging in all substantial gainful activity for which he is qualified by his age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. After a review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff was unable to perform any of his past relevant work, he nevertheless retained the residual functional capacity to perform the full range of sedentary work[1], and was therefore not disabled. (R.pp. 23-24).

Plaintiff asserts that in reaching this decision, the ALJ erred by using the Medical-Vocational Guidelines (i.e., the "Grids")[2] to find that Plaintiff was not disabled when he suffers from an inability to stoop, and cannot therefore perform the "full range" of sedentary work. Plaintiff further argues that the vocational evidence shows that he is totally disabled from working, and that he is entitled to an award of benefits. After careful review and consideration of the evidence, the

---

[1] Sedentary work is defined as lifting no more than 10 pounds at a time and occasionally lifting and carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a) (2005).

[2] "The grids are matrices of the 'four factors identified by Congress -- physical ability, age, education, and work experience -- and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy.'" Daniels v. Apfel, 154 F.3d 1129, 1132 (10th Cir. 1998) (quoting Heckler v. Campbell, 461 U.S. 458, 461-462 (1983)). "Through the grids, the Secretary has taken administrative notice of the number of jobs that exist in the national economy at the various functional levels (i.e., sedentary, light, medium, heavy, and very heavy.)" Daniels, 154 F.3d at 1132.



undersigned is constrained to agree with the Plaintiff that the decision of the Commissioner is not supported by substantial evidence, and that a reversal with remand of the case to the Commissioner for further proceedings is required.

The ALJ found in his decision that the Plaintiff was capable of performing the "full range" of sedentary work and used the Medical-Vocational Guidelines to direct a finding of not disabled. (R.pp. 22-24). However, Plaintiff asserts an inability to stoop and bend, and according to SSR 96-9p, "[a]n ability to stoop occasionally; i.e., from very little up to one-third of the time, is required in most unskilled sedentary occupations.[3] A complete inability to stoop would significantly erode the unskilled sedentary occupational base and a finding that the individual is disabled would usually apply." While SSR 96-9p further provides that a restriction to *occasional* stooping should, by itself, only minimally erode the unskilled occupational base of sedentary work, it notes that "[c]onsultation with a vocational resource may be particularly useful for cases where the individual is limited to less than occasional stooping."

Here, it is undisputed that the Plaintiff has had both left and right knee replacement surgery. However, in reaching his decision, the ALJ determined only that the impairment of Plaintiff's knees was sufficient to preclude him from prolonged standing and walking. (R.p. 22). The ALJ did not specifically address Plaintiff's ability to stoop in his decision, instead finding generally that Plaintiff's subjective testimony as to the severity of his condition[4] was not consistent with the other evidence, and stating that "[r]epeated x-rays of [Plaintiff's] knees have shown those

---

[3] The ALJ determined that Plaintiff has a limited education and has no skills from any past relevant work that are transferable to sedentary work. (R.p. 22).

[4] Plaintiff testified that the pain in his knees was "constant", that his knees "buckle, and cause me to fall", and that he "couldn't get down and crawl, and climb, stoop, and bend over...." (R.p. 43).

4



joints to be stable, with good position and alignment." (R.p. 21). The ALJ further found that the treatment notes of Plaintiff's physicians "do not show that he has complained of the limitations he alleged." Id.

However, the treatment notes of Plaintiff's treating physician, Dr. Eric Heimberger (who performed Plaintiff's left knee replacement surgery), as well as the records of Dr. James Carrol, reflect that Plaintiff received medications for knee pain. See generally, (R.pp. 126-133, 217-218, 222, 224, 328-329, 332-333, 366, 369, 373-374). On November 18, 2002, Dr. Carrol opined that Plaintiff "may be totally disabled". (R.pp. 217, 374). Plaintiff was also seen by Dr. Michael McCaffrey on March 11, 2003, who diagnosed Plaintiff with right lower extremity weakness. (R.pp. 135-136). See Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1993) [assessment of an examining physician may properly be given significant weight]. On January 7, 2004, Dr. Heimberger opined that Plaintiff had a 37% lower extremity impairment rating, which translated into a 15% whole person impairment for his left knee, and further opined that Plaintiff "does have some permanent restrictions as far as he is unable to do any type of kneeling or squatting type activities, no climbing, no operating heavy machinery with the left leg and no prolonged ambulation as well." (R.p. 266).

A treating physician's opinion as to the nature and severity of a claimed impairment is entitled to controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record. See Craig v. Chater, 76 F.3d 585, 591-596 (4th Cir. 1996); Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987) ["the opinion of a claimant's treating physician must be given great weight"]. As noted, the ALJ did not specifically address Dr.

5



Heimberger's findings, or why he chose not to accept these findings. Indeed, the ALJ states that Dr. Heimberger's opinion supports his finding that Plaintiff can perform the full range of sedentary work. (R.p. 22).

However, these medical records and opinions do not provide substantial support for the ALJ's finding that Plaintiff was capable of performing the full range of sedentary work. Plaintiff's knee surgeon and treating physician specifically opined that Plaintiff was "unable to [do] any type of kneeling or squatting type activities....". (R.p. 266). The ALJ does not explain why this opinion has been ignored, other than to state that x-rays of Plaintiff's knees have shown those joints to be stable. However, the fact that Plaintiff's knee replacements following surgery were "stable" does not mean that he is able to engage in an occupation that requires stooping and bending, and in any event does not address the treating physician's opinion that Plaintiff is "unable" to engage in such activities. See Morales v. Apfel, 225 F.3d 310, 317-318 (3rd Cir. 2000) [ALJ must explicitly weigh the evidence and explain his rejection of medical opinions]; *Cf.* Seitz v. Commissioner, 25 Fed.Appx. 229, 230-231 (6th Cir. 2001) [Case remanded where ALJ erred in discounting opinions of plaintiff's treating physicians that she was limited to two hours of standing during eight-hour day]; Dewey v. Barnhart, No. 05-3329, 2006 WL 1109767 (10th Cir. Apr. 27, 2006) [Case remanded where the record lacked medical evidence to support ALJ's RFC finding]; Deutsch v. Harris, 511 F.Supp. 244, 249 (S.D.N.Y. 1981) [noting that sedentary work does not necessarily include occupations that require no stooping or bending].

Because the ALJ determined that Plaintiff is unable to perform his past relevant work, the burden shifted to the Commissioner to show that other jobs exist in significant numbers which Plaintiff could perform. Pass v. Chater, 65 F.3d 1200, 1201-1203 (4th Cir. 1995). In appropriate

6



circumstances, the Commissioner can meet this burden by using the Grids to direct a finding of not disabled, as the ALJ did in this case. See Hays, 907 F.2d at 1458 [affirming denial of benefits to claimant where the Medical-Vocational Guidelines directed a finding of not disabled].  However, the Grids do not apply to a claimant who suffers from severe non-exertional impairments, or who cannot perform the full range of work activity within a grid category. Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989); see 20 C.F.R., Pt. 404, Subpt. P, App. 2, § 201.00(h).  Here, there is not substantial evidence in the record to support the ALJ's conclusion that Plaintiff could perform the full range of sedentary work activity, a job category which could require the ability to stoop and/or bend.  The medical evidence reflects that Plaintiff's ability to stoop and/or bend is at best restricted, but the ALJ did not even address this impairment or make any findings with respect to the extent Plaintiff is able to engage in this activity. If the ALJ is going to reject the treating physician's opinion as to the extent of Plaintiff's impairment, he must at least specifically address this decision and state the reasons and evidence which justify that decision.   *cf.* Cotter v. Harris, 642 F.2d 700 (3rd Cir. 1981) [listing cases remanded because of ALJ's failure to provide explanation or reason for rejecting or not addressing relevant probative evidence]; *cf.* Bailey v. Barnhart, No. 01-3474, 2002 WL 1401225 at **4 (7th Cir. July 26, 2002) [case remanded where ALJ did not adequately explain her rationale for discounting the recommendations of one of plaintiff's treating physicians].

Therefore, the ALJ's reliance on the Grids to direct a finding that Plaintiff was not disabled because he could perform the *full range* of sedentary work was error, and this case should be remanded for the purpose of obtaining a proper explanation of the findings with regard to Plaintiff's RFC and/or vocational expert testimony consistent with this opinion. Fenton v. Apfel, 149 F.3d 907, 910 (8th Cir. 1998) ["The Secretary is required to produce vocational expert testimony

7



concerning availability of jobs which a person with a claimant's particular characteristics can perform, if...he or she is precluded from performing a full range of a particular work classification...."]; Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985); *cf.* Walker, 889 F.2d at 49; SSR 96-9p [noting that "consultation with a vocational resource may be particularly useful for cases where the individual is restricted to less than occasional stooping"].

With respect to the remainder of Plaintiff's complaints concerning the decision, on remand the ALJ will be able to reconsider and re-evaluate Plaintiff's credibility and the evidence as part of the reconsideration of this claim. Hancock v. Barnhart, 206 F.Supp.2d 757, 763-764 (W.D.Va. 2002) [on remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is conducted *de novo*].

### Conclusion

Based on the foregoing, and pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner with remand in Social Security actions under Sentence Four of 42 U.S.C. § 405(g), it is recommended that the decision of the Commissioner be **reversed**, and that this case be **remanded** to the Commissioner for the purpose of a proper evaluation, discussion and findings with respect to Plaintiff's residual functional capacity, and for such further administrative action as is deemed necessary and appropriate. See Shalala v. Schaefer, 113 S.Ct. 2625 (1993).

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

January 11, 2007

8

